In re Gary Glen CASTLETON, Jacquelinea Orvis Castleton, d/b/a Electich, Inc., Debtors.

Douglas E. LARSON, Trustee, Plaintiff,

v.

Duncan C. LAING and Kim M. Laing, Defendants.

Bankruptcy No. 87 B 07996 J.
Adv. No. 88 J 0013.

United States Bankruptcy Court,
D. Colorado.

April 7, 1988.

Douglas E. Larson, trustee, Grand Junction, Colo., pro se.

Gerald B. Feather, Feather Legal Services, P.C., Grand Junction, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court for trial. The parties have stipulated to the facts.

On October 3, 1986, Defendants obtained a judgment against the Debtors, Gary and Jacquelinea Castleton. On the basis of that judgment, Defendants caused a writ of garnishment to be issued to Debtor's employer on March 13, 1987, pursuant to § 13–54.5–101, *et seq.*, C.R.S. The writ was served on March 18, 1987. Pursuant to statute that writ expired on June 17, 1987. On June 2, 1987, Defendants caused a second writ to issue which was served June 8, 1987. On July 8, 1987, the Debtors filed their bankruptcy petition. The 90–day period under 11 U.S.C. § 547(b)(4)(A) commenced April 9, 1987. Between April 9, 1987 and July 8, 1987, Defendants received $622.32 pursuant to the two writs of garnishment.

■ The first issue to be decided is the date of the "transfer". Defendants argue that the date of transfer is the date the writ was served, March 18, 1987, which is outside the 90–day period and is, thus, not a preference. The Trustee argues that under 11 U.S.C. § 547(e)(3), the transfer cannot occur until the Debtor has actually earned the wages.

This Court has reviewed the cases cited by counsel, and indeed a myriad of other cases on this issue and concludes, that for the reasons stated in *In re Dunn*, 56 B.R.

275 (Bankr.M.D.La.1985), the transfer occurs only when the Debtor has actually earned the wages. Thus, any sums paid to the Defendants out of wages earned by the Debtors after April 9, 1987, were preferential transfers.

■ Defendants next argue that the one-third of the garnished sums that have been paid by Defendants to their counsel cannot be recovered by the Trustee under § 550(b). It is true that § 550(b)(2) protects a good faith transferee of the initial transferee, but it offers no protection to the initial transferee, here the Defendants. The Trustee does not seek to recover from Defendants' counsel the sums he received, but only from the Defendants themselves. It is, therefore,

ORDERED that judgment shall enter in favor of the Plaintiff and against the Defendants, jointly and severally, for the sum of $622.32, plus costs and statutory interest from the date of judgment, each party to bear its own attorney's fees.